UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| Laugh Factory, Inc., | : | Civil Action No. 08 CV 1887 (JSR) |
| Plaintiff, | : | |
| v. | : | **DEFENDANTS' ANSWER,** |
| | : | **AFFIRMATIVE DEFENSES AND** |
| Richard Basciano, | : | **COUNTERCLAIMS** |
| 303 West 42nd Street Realty Company, and | : | |
| 303 West 42nd Street LLC, | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| Richard Basciano, | : | |
| 303 West 42nd Street Realty Company, and | : | |
| 303 West 42nd Street LLC, | : | |
| | : | |
| Third-Party Plaintiffs, | : | |
| | : | |
| v. | : | **THIRD PARTY COMPLAINT** |
| | : | |
| Jamie Masada, | : | |
| | : | |
| Third-Party Defendant. | : | |

-----------------------------------------------------------------x

Defendants, Richard Basciano, 303 West 42nd Street Realty Company and 303 West 42nd Street LLC, for their Answer and Affirmative Defenses to the complaint of the plaintiff Laugh Factory, Inc., allege of their own knowledge as to themselves and upon information and belief as to the plaintiff as follows:

1.      Admit that plaintiff purports to state claims in paragraph 1 of the complaint for trademark infringement, unfair competition and trademark dilution under 15 U.S.C. §§ 1114, 1125(a) 1125(c) and for deceptive acts and practices, state dilution and

misappropriation under New York state law, specifically deny that defendants are liable for any of the causes of action contained in the complaint, and deny the remaining allegations contained in paragraph 1.

2.  Admit that plaintiff alleges in paragraph 2 of the complaint that this action arises out of purported continued unauthorized use of the federally registered LAUGH FACTORY trademark ("Trademark") to identify a comedy club, that plaintiff seeks relief set forth in paragraph 2 of the complaint, and deny the remaining allegations contained in paragraph 2.

3.  Admit that this Court has jurisdiction over the subject matter of the claims contained in paragraph 3 of the complaint, specifically deny that defendants are liable for any of the causes of action contained in the complaint, and deny the remaining allegations contained in paragraph 3.

4.  Admit in response to the allegations of paragraph 4 of the complaint that this Court has personal jurisdiction over the defendants and that venue is proper in this District, and specifically deny the remaining allegations contained in paragraph 4.

5.  Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of the complaint and, therefore, deny the same.

6.	Admit that defendant Richard Basciano is a U.S. citizen and deny the remaining allegations of paragraph 6 of the complaint.

7.	Admit the allegations of paragraph 7 of the complaint.

8.	Admit the allegations of paragraph 8 of the complaint.

9.	Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the complaint and, therefore, deny the same.

10.	Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the complaint and, therefore, deny the same.

11.	Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 of the complaint and, therefore, deny the same.

12.	Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 of the complaint and, therefore, deny the same.

13. Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 of the complaint and, therefore, deny the same.

14. Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 of the complaint and, therefore, deny the same.

15. Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the complaint and, therefore, deny the same.

16. Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the complaint and, therefore, deny the same.

17. Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of the complaint and, therefore, deny the same.

18. Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 of the complaint and, therefore, deny the same.

19.  Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the complaint and, therefore, deny the same.

20.  Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the complaint and, therefore, deny the same.

21.  Deny the allegations of paragraph 21 of the complaint except admit that at some time defendant Richard Basciano and Jamie Masada commenced discussions concerning the opening of a Laugh Factory comedy club and that defendant 303 West 42nd Street LLC owns the building at the premises identified in paragraph 21.

22.  Deny the allegations of paragraph 22 of the complaint with respect to defendant 303 West 42nd Street LLC, except admit the remaining allegations of paragraph 22.

23.  Deny the allegations of paragraph 23, except admit that a comedy club ("the World Famous Laugh Factory comedy club") was operated at the location by the World Famous Laugh Factory of N.Y.C., LLC which used the Trademark under license and with permission of the plaintiff in signage, merchandise, advertisements and promotional materials.

24. Deny the allegations of paragraph 24 of the complaint, except admit that the club was operated at 669-677 8th Avenue (a/k/a 303 West 42nd Street and 300 West 43rd Street, New York, New York under the name LAUGH FACTORY from about April 2004 to March 2008.

25. Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 of the Complaint and, therefore, deny the same.

26. Admit that plaintiff delivered a letter on or about September 14, 2007 purporting to withdraw permission to use the Laugh Factory trademark but deny that plaintiff was legally entitled to withdraw permission.

27. Deny the allegations of paragraph 27 of the complaint.

28. Admit the allegations of paragraph 28 of the complaint.

29. Deny the allegations of paragraph 29 of the complaint.

30. Deny the allegations of paragraph 30 of the complaint.

31. Deny the allegations of paragraph 31 of the complaint.

32.    Deny the allegations of paragraph 32 of the complaint.

33.    Deny the allegations of paragraph 33 of the complaint.

34.    Deny the allegations of paragraph 34 of the complaint.

35.    Deny the allegations of paragraph 35 of the complaint.

36.    Deny the allegations of paragraph 36 of the complaint.

37.    Deny the allegations of paragraph 37 of the complaint.

38.    Deny the allegations of paragraph 38 of the complaint.

39.    Deny the allegations of paragraph 39 of the complaint.

40.    Deny the allegations of paragraph 40 of the complaint.

41.    Deny the allegations of paragraph 41 of the complaint.

42.    Repeat and reallege their answers to paragraphs 1 to 41 in response to the allegations of paragraph 42 of the complaint.

43.     Deny the allegations of paragraph 43 of the complaint.

44.     Deny the allegations of paragraph 44 of the complaint.

45.     Repeat and reallege their answers to paragraphs 1 to 44 in response to the allegations of paragraph 45 of the complaint.

46.     Deny the allegations of paragraph 46 of the complaint.

47.     Deny the allegations of paragraph 47 of the complaint.

48.     Deny the allegations of paragraph 48 of the complaint.

49.     Repeat and reallege their answers to paragraphs 1 to 48 in response to the allegations of paragraph 49 of the complaint.

50.     Are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50 of the complaint and, therefore, deny the same.

51.     Deny the allegations of paragraph 51 of the complaint.

52.     Deny the allegations of paragraph 52 of the complaint.

53.	Repeat and reallege their answers to paragraphs 1 to 52 in response to the allegations of paragraph 53 of the complaint.

54.	Deny the allegations of paragraph 54 of the complaint.

55.	Repeat and reallege their answers to paragraphs 1 to 54 in response to the allegations of paragraph 55 of the complaint.

56.	Deny the allegations of paragraph 56 of the complaint.

57.	Repeat and reallege their answers to paragraphs 1 to 56 in response to the allegations of paragraph 57 of the complaint.

58.	Deny the allegations of paragraph 58 of the complaint.

59.	Repeat and reallege their answers to paragraphs 1 to 58 in response to the allegations of paragraph 59 of the complaint.

60.	Deny the allegations of paragraph 60 of the complaint.

## AFFIRMATIVE DEFENSES

Defendants, pursuant to Fed. R. Civ. P. 8(c), assert the following affirmative

defenses:

First Affirmative Defense
(Failure To State Claim)

1.    The complaint fails to state a claim upon which relief may be granted.

Second Affirmative Defense
(Release)

2.    Plaintiff, by and through its president, agent and alter ego, Jamie Masada, executed a written contract (the "Indemnification and Release Agreement") on February 28, 2007 which, for valuable consideration, released defendants from all liability pertaining to the claims alleged in plaintiff's complaint.    A copy of the Indemnification and Release Agreement is annexed hereto and made a part of hereof as Exhibit A.

3.    Pursuant to the terms of the Indemnification and Release Agreement, plaintiff agreed to indemnify, release and hold harmless the defendant Richard Basciano and including, without limitation, his designees, corporations, LLC's or partnerships from any and all claims that can or may be asserted by any entity including any individual(s), partnership(s), corporation(s), LLC(s) or any other legal person(s) or entity(s) concerning without limitation, the operation, occupancy, tenancy or any interest whatsoever relating to the World Famous Laugh Factory club located at 669-677 8th Avenue (a/k/a 303 West 42nd Street and 300 West 43rd Street, New York, New York "now, in the past and forever."

10

4.      Further the parties executed a prior contract, dated February 7, 2007, that is

expressly attached to and made part of the Indemnification and Release, entitled

"Summary of Agreement between Basciano and Masada" which, *inter alia*, provides:

> This document supersedes and voids all previous agreements
> and releases the respective parties thereunder as of the date
> hereof.

### Third Affirmative Defense
(License)

5.      In or about March 2004, plaintiff granted an oral license allowing the defendants to

use the Trademark in connection with the operation of the World Famous Laugh

Factory comedy club at the aforementioned premises.


6.      Any use of the defendants of the Trademark as alleged in the complaint related to

the World Famous Laugh Factory comedy club and was use authorized by plaintiff.


7.      Plaintiff's claims are barred because defendants' uses of the Trademark are rightful

acts pursuant to licenses granted to defendants by plaintiff.


### Fourth Affirmative Defense
(Acquiescence)

8.      Plaintiff actively consented to the uses of the Trademark complained of in the

complaint.


9.      Plaintiff never expressed any objection to defendants regarding use of the

Trademark in connection with the operation of the World Famous Laugh Factory comedy club prior to September 2007.

10.    Following the receipt of a notice from plaintiff on or about September 14, 2007 that purported to terminate the right of defendants use of the Trademark, as a possible resolution of issue, plaintiff and Masada cooperated with defendants in connection with discussions and negotiations with third parties pertaining to securing potential licenses to utilize well-known third-party brands as a name for the club's premises with the full knowledge that the club was continuing operations in the meantime as the Laugh Factory. Said cooperation and negotiations were conducted from about October 2007 through February 2008.

11.    In continuing to use the Trademark, defendant Richard Basciano and/or his designees relied upon plaintiff's acquiescence and nonfeasance to defendants' prejudice.

12.    Plaintiff's claims are barred by acquiescence or, in the alternative, plaintiff's acquiescence estops it from claiming an exclusive right to use of the Trademark.

### Fifth Affirmative Defense
### (Waiver and Estoppel)

13.    In reliance upon the plaintiff's conduct, consent, licenses, releases and indemnifications, and plaintiff's acquiescence, defendant Richard Basciano and/or

his designees, among other things, made substantial physical alterations and capital improvements to the premises for the World Famous Laugh Factory comedy club, deferred r ent and rented the premises at below market rentable rates, and defendant Richard Basciano's designee operated the club and conducted related business operations.

14.  Plaintiff by its acts and omissions represented that it would not assert a claim against defendants, the delay between the active representations of the plaintiff and assertions of any right against the defendants was not excusable, and caused defendants undue prejudice.

15.  Plaintiffs' claims are barred in whole or in part, by the principles of waiver and estoppel.

### Sixth Affirmative Defense
### (Unclean Hands)

16.  Plaintiffs' claims are barred in whole or in part, by reason of plaintiffs' unclean hands.

### Seventh Affirmative Defense
### (Abandonment)

17.  Plaintiff has engaged in uncontrolled licensing of the Trademark.

18.  Plaintiff has abandoned any exclusive rights that they may have had in their alleged

Trademark through plaintiff's uncontrolled use for an extended period of time.

## Eighth Affirmative Defense
### (Failure to Mitigate)

19. Defendants assert and allege that, by the exercise of reasonable effort, plaintiff could have mitigated the amount of damages plaintiff allegedly suffered, if any.

20. Plaintiff is barred from claiming any injury or damage, if any, because it failed to make reasonable efforts to mitigate the injury or damage alleged in the complaint.

## Ninth Affirmative Defense
### (Necessary Party)

21. The complaint and each purported cause of action therein are barred on the grounds of defect or misjoinder of or failure to join a necessary and indispensable party, World Famous Laugh Factory of N.Y.C., LLC.

## Tenth Affirmative Defense
### (Fraud)

22. During the years 2004 through 2006, defendant Richard Basciano, d/b/a 303 West 42nd Street Realty Co. and 300 West 43rd Street Realty Inc., on the one hand, and plaintiff and/or Jamie Masada, on the other hand, each contributed a total of $500,000, for the development and operation of the Laugh Factory comedy club at 669-677 8th Avenue (a/k/a 303 West 42nd Street and 300 West 43rd Street). The club was operated by the World Famous Laugh Factory of N.Y.C., LLC. Jamie

Masada and Richard Basciano, or their designated entities, agreed to share in the profits and losses of the club on a 50/50 basis.

23.     303 West 42nd Street Realty Co., the net lessor of the New York premises at which the World Famous Laugh Factory comedy club was located, rented the premises at below market rate, abated rent and/or deferred rent during the years 2004 through 2006 and was owed significant sums of rent as of December 31, 2006. Nevertheless, the club was not profitable by the end of 2006.

24.     The club was operated with the plaintiff's agreement that the World Famous Laugh Factory of N.Y.C., LLC would have a license to use the name "Laugh Factory" in the event that Jamie Masada elected to disassociate himself from the operation and with the agreement that if either Jamie Masada or Laugh Factory Times Square, Inc., another entity controlled by Masada, engaged in activities involving the World Famous Laugh Factory of N.Y.C., LLC, in the leased premises or in New York City, including television productions, broadcasts, and similar activities, all funds received by Masada or his entity were to be paid to the World Famous Laugh Factory of N.Y.C., LLC.

25.     In order to induce the release of indebtedness owed by plaintiff and/or Masada, including unpaid rents owed to 303 West 42nd Street Realty Co. and operating losses of the club, to induce payments of a fee to Masada of $100,000 per year for at least two years, to induce payments to plaintiff and/or Masada of a portion of any

profits from the future operations of the New York World Famous Laugh Factory comedy club, to allow recoupment of plaintiff's and Jamie Masada's contributions, and to induce defendants to discharge other obligations of plaintiff and/or Jamie Masada pursuant to the Summary Agreement, plaintiff and its president, agent and alter ego Jamie Masada, in February 2007, intentionally misrepresented that Richard Basciano and/or his designees could continue to operate the World Famous Laugh Factory comedy club at the New York City premises under the Laugh Factory Trademark during the duration of the Summary Agreement, i.e., for a period of at least two years until December 31, 2008 or, upon exercise of certain options, for the further extended term of the Summary Agreement.

26. In reliance upon plaintiff's misrepresentation, defendants released the plaintiff's pre-existing obligations, agreed to pay Masada a consultant fee amounting to $100,000/year for two years on a monthly basis, agreed to and continued to operate the club at the aforesaid premises under the Laugh Factory Trademark and to make other payments from future profits of the club upon certain dispositions of the club premises. The designee of Richard Basciano, the World Famous Laugh Factory of N.Y.C., LLC, pursuant to the terms of the Summary Agreement, continued to operate the comedy club in 2007 and consultant fees were paid to Jamie Masada from January 2007 through August 2007 totaling $66,664.64.

27. Defendants' reliance in plaintiff's and Jamie Masada's promises and conduct was reasonable, inasmuch as plaintiff and Jamie Masada received full and fair

16

consideration for their promise to allow Richard Basciano and/or his designees to continue to operate the New York World Famous Laugh Factory club under the Trademark.

28. On September 14, 2007, plaintiff and/or Jamie Masada unilaterally purported to terminate the right to use the trademark on thirty days notice.

29. Defendant, Richard Basciano, 303 West 42nd Street Realty Company, and 303 West 42nd Street LLC, as well as his designee, non-party, the World Famous Laugh Factory of N.Y.C., LLC, fully performed Richard Basciano's obligations under the Summary Agreement.

30. Plaintiff, by its president, agent and alter ego, Jamie Masada never intended to allow defendants to use the name as agreed, but misrepresented their intentions to secure to themselves the benefits of a release, and consultant fee payments, profits and otherwise recoup their investment, but they never intended to allow the New York World Famous Laugh factory comedy club to continue to operate under the Trademark and in September 2007 purported to terminate defendants' use of the Trademark.

31. Plaintiff's claims are barred by fraud.

## COUNTERCLAIMS AND THIRD PARTY COMPLAINT

17

Defendants/Counterclaimants and third-party plaintiffs, Richard Basciano, 303 West 42nd Street Realty Company and 303 West 42nd Street LLC, by their undersigned counsel, allege on their own knowledge as to themselves, and upon information and belief as to the plaintiff and the third-party defendant, the following counterclaims against plaintiff and their third-party claims against the third-party defendant.

1.  Defendant Richard Basciano is an individual, doing business as defendant 303 West 42nd Street Realty Co. (misnamed in the Complaint as 303 West 42nd Street Realty Company) with a place of business at 300 West 43rd Street, New York, New York.

2.  Defendant 303 West 42nd Street LLC is a Delaware limited liability company with a place of business located at 300 West 43rd Street, New York, New York.

3.  Plaintiff Laugh Factory, Inc. is a corporation existing under the laws of California with a principal place of business in Los Angeles, California.

4.  Third-party defendant Jamie Masada is an individual citizen of the United States who resides in or around Beverly Hills, California.

5.  Third-party defendant Jamie Masada is an adult male, is an officer, director and/or principal shareholder of plaintiff and has taken part in the formulation, direction and control of the acts and practices complained of herein, is a conscious, active and

dominant force behind the acts complained of herein for the gain of plaintiff and for his own individual gain; third-party defendant Jamie Masada has acted on behalf of plaintiff and/or has contributed to or induced the acts of plaintiff.

6.    Plaintiff and third-party defendant Masada have acted and are acting separately, in active concert, and with the authorization of each other and/or, in the alternative, plaintiff is the third-party defendant Jamie Masada's alter ego and under his exclusive personal control and, in the alternative, third-party defendant Masada is acting within the scope and purpose of such agency, service and employment, with respect to matters and things of which defendants and plaintiffs complain herein. All of Jamie Masada's actions relevant to this matter are for all intents and purposes are the actions of plaintiff and vice versa.

Jurisdiction and Venue

7.    This Court has subject matter jurisdiction over the underlying action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action is for trademark infringement, unfair competition and dilution, pursuant to the trademark laws of the United States, 15 U.S.C. §§ 1114, 1125(a) and 1125(c).

8.    This Court has supplemental jurisdiction over claim for indemnification pursuant to 28 U.S.C. § 1367 because this claim is related to the underlying trademark unfair competition and dilution claims in Civil Action No. 08 CV 1887(JSR) (the "Civil Action") and forms part of the same case or controversy under Article III of the

United States Constitution, and the claim does not raise a novel or complex issue of state law, substantially predominate over the claims over which the Court has original jurisdiction, or present and exceptional circumstances or compelling reasons to decline jurisdiction over the claim.

9. The Court also has personal jurisdiction over plaintiff and third-party defendant because (1) plaintiff and third-party defendant regularly transact business in New York and have entered into contracts with defendant Richard Basciano in New York; (2) plaintiff and third-party defendant has committed tortious acts within New York; (3) plaintiff and third-party defendant has committed tortious acts outside New York causing injury to defendants and others in New York, and regularly do business and derive substantial revenue from services rendered in New York, and expect or should reasonably expect their acts to have consequences in New York; and (4) plaintiff and third-party defendant derive substantial revenue from interstate commerce.

10. Plaintiff has also submitted to jurisdiction of this Court by instituting the present action.

11. Plaintiff is a mere alter ego, agency, and instrumentality of third-party defendant, Jamie Masada, the affairs of plaintiff are completely dominated by third-party defendant Jamie Masada who has disregarded the corporate form and who operated the plaintiff merely as a conduit for himself.

12.     Venue is proper under 28 U.S.C. § 1391.


Summary of Counterclaims/Third Party Claims

13.     These counterclaims and third-party claims arise out of plaintiff's and Jamie

Masada's failure to honor agreements reached with Richard Basciano allowing use

of the Trademark in connection with the World Famous Laugh Factory comedy club

at the premises 669-677 8th Avenue (a/k/a 303 West 42nd Street and 300 West 43rd

Street), New York, New York.  It has always been understood and agreed by all

parties, including plaintiff and Jamie Masada, that defendants and/or the World

Famous Laugh Factory of N.Y.C., LLC would and did use the Trademark

subsequent to 2006 and that such use was an essential and material condition of

the Summary Agreement.  Richard Basciano and Jamie Masada reached an

agreement, and Jamie Masada broke it.  The parties mutually agreed to release all

existing claims as of December 31, 2006, and to terminate pre-existing agreements,

plaintiff and Masada agreed to allow continuation of the club under the Trademark,

Richard Basciano d/b/a 303 West 42nd Street Realty Co. agreed to abate rents

owed at that time for use of the premises for the club's purposes,  and Richard

Basciano agreed to pay consultant payments and prospective profits generated

from the continued operation of the World Famous Laugh Factory comedy club, with

any remaining balance of plaintiff's and/or Jamie Masada's original investment

being payable upon demolition or re-development of the building in which the club

was located, and/or at the end of the consulting agreement, in consideration of the

21

continued operation of the club under the Laugh Factory Trademark and with Jamie Masada providing ongoing consulting services with the club operated as the Laugh Factory. At the time of the execution of the Summary Agreement, plaintiff and Masada never intended to allow continued operation of the club as agreed. Within months after the consummation of the new agreement, plaintiff and Jamie Masada refused to perform their obligations, plaintiff and Jamie Masada walked away from the agreement and negotiated and attempted to form another Laugh Factory club in New York City with other investors; and during 2007 prior to September 14th, Jamie Masada either provided no consulting services, de minimus service, and/or unilaterally discontinued services during the term of the Summary Agreement. This conduct amounts to a breach of contract and, in the alternative, a breach of the implied consent of good faith and fair dealing and has caused damages to defendants and third-party plaintiffs in an amount yet to be determined. Any use of the Laugh Factory Trademark by defendants was a proper and permitted use which plaintiff and/or Jamie Masada was not entitled unilaterally abrogate. Plaintiff and/or Masada fraudulently induced defendants to enter into the Summary Agreement. Defendants and third-party plaintiffs deny any liability to plaintiff, but should they be found liable, such liability should be borne, instead, by the plaintiff and/or Jamie Masada who have agreed to indemnify and hold defendants harmless.

<u>Count I</u>
(Declaratory Judgment of Non-Infringement)

14.     Defendants and third-party plaintiffs repeat and reallege the allegations of the

22

paragraphs 1 through 31 of the affirmative defenses and paragraphs 1 through 13 of the counterclaims and third-party claims as if fully set forth herein.

15. This is a counterclaim for a declaration that defendants do not infringe any valid trademark rights of plaintiff.

16. Jurisdiction is based upon 28 U.S.C. § 2201 and § 2202, and Rule 13 of the Federal Rules of Civil Procedure.

17. By virtue of the complaint in this action, there is a justiciable controversy as to whether the defendants infringe any trademark rights of plaintiff.

18. Plaintiff's and Jamie Masada's conduct demonstrates that they had contracted to and promised to allow the continued use of the Trademark by the defendants for the duration of the Summary Agreement.

19. Any use of the term Laugh Factory by defendants does not infringe any trademark rights of plaintiff, since any such use was with the license, consent, permission and acquiescence of the plaintiff.

20. Defendants and third-party plaintiffs have no adequate remedy at law.

<u>Count II</u>

23

(Breach of Contract and Indemnification)

21.  Defendants and third-party plaintiffs repeat and reallege the allegations of the paragraphs 1 through 31 of the affirmative defenses and paragraphs 1 through 20 of the counterclaims and third-party claims as if fully set forth herein.

22.  This is a counterclaim and third-party claim for breach of contract and indemnification.

23.  On February 28, 2007, Jamie Masada contracted with Richard Basciano, by executing the Indemnification and Release Agreement and, on February 7, 2007, by executing the Summary of Agreement Between Richard Basciano and Masada ("Summary Agreement"). Copies of said contracts are annexed hereto as Exhibit A.

24.  The Indemnification and Release Agreement covers the claims that are asserted in the underlying action against the defendants and counter-plaintiffs Richard Basciano, 303 West 42nd Street Realty Co. which is a d/b/a of Richard Basciano, and his designee 303 West 42nd Street, LLC.

25.  The Indemnification and Release Agreement referred to above provides, in relevant part:

> Pursuant to Agreement dated February 7, 2007 by and between Richard Basciano and Jamie Masada (attached hereto and made a part hereof) concerning the World Famous

Laugh Factory comedy club operating at the premises 669-677 8th Avenue (a/k/a 303 West 42nd Street and 300 West 43rd Street) New York, New York, the undersigned Jamie Masada agrees to indemnify, release and hold harmless Richard Basciano, including without limitation, any of Richard Basciano's designees, corporations, LLC's or partnerships from any and all claims that can or may be asserted by any entity including any individual(s), partnership(s), corporation(s), LLC(s) or any other legal person(s) or entity(s) concerning, without limitation, the operation, occupancy, tenancy or any interest whatsoever relating to the World Famous Laugh Factory located at the aforementioned premises now, in the past and forever.

26. As a result of the foregoing, should plaintiff, Laugh Factory, Inc., prevail in the Civil Action and liability be found against Richard Basciano, 303 West 42nd Street Realty Company and/or 303 West 42nd Street LLC, then plaintiff and/or Jamie Masada is required to indemnify and hold Richard Basciano, 303 West 42nd Street Realty Company and 303 West 42nd Street LLC harmless from any losses arising out of this action and for their costs and attorneys' fees.

27. The third-party defendant Jamie Masada is liable to the third-party plaintiffs, if the third-party plaintiffs, or any of them, are found to be liable to the plaintiff Laugh Factory, Inc. as a consequence of, *inter alia*, the operation, occupancy, tenancy or any other interest relating to the World Famous Laugh Factory comedy club.

28. The Release and Indemnification Agreement incorporates a contract, the Summary Agreement, executed on February 7, 2007, by Jamie Masada - - the plaintiff's president, agent, alter ego - - and Richard Basciano, that has a duration ending

25

December 31, 2008, with a further option to extend the duration.

29.     Before the expiration of the aforementioned Summary Agreement, in about
        September 2007, plaintiff and/or Jamie Masada repudiated the Summary
        Agreement and the Release and Indemnification Agreement, refused to carry out
        and otherwise breached said agreements, *inter alia*, by improperly demanding that
        use of the Trademark be discontinued and by purporting to terminate the right of
        Richard Basciano and Richard Basciano's designee to use the Trademark to
        identify the World Famous Laugh Factory comedy club and by failing to provide
        consulting services.

30.     Prior to September 2007, plaintiff through its president, agent and alter ego, Jamie
        Masada, and other persons, presently unknown, entered into negotiations with third
        parties to establish a second Laugh Factory comedy club in New York City.

31.     Plaintiff, through its president, agent and alter ego, third-party defendant Jamie
        Masada, conspired with other persons, to circumvent and improperly terminate the
        Summary Agreement and the Indemnification and Release Agreement in order to
        further their own interests.

32.     Thereafter, in furtherance of the plaintiff's scheme to repudiate and improperly
        terminate the use of the Trademark by or for defendants and to eschew plaintiff's
        contractual obligations, the present Civil Action was commenced against

26

defendants.

33.   The improper acts of plaintiff, its president, agent and alter ego, third-party
defendant Jamie Masada and others, were willful and malicious.

34.   Defendants and third-party plaintiffs have sustained a loss of good will and
damages and incurred legal fees as a result of the actions of plaintiff in an amount
presently unknown.

Count III
(Breach of Implied Covenant of Good Faith)

35.   Defendants repeat and reallege the allegations of the paragraphs 1 through 31 of
the affirmative defenses and paragraphs 1 through 34 of the counterclaims and
third-party claims as if fully set forth herein.

36.   This is a counterclaim and third-party claim for breach of an implied covenant of
good faith and fair dealing.

37.   New York law implies a covenant of good faith and fair dealing in all contracts
between parties entered into in the State of New York.

38.   Plaintiff engaged in conduct, separate and apart from the performance of
contractual obligations under the Summary Agreement and the Indemnification and

Release Agreement, without good faith and for the purpose of preventing performance of the said contracts and depriving the defendants of rights and benefits under the contracts.

39. The acts of plaintiff and third-party defendant, as described above, have damaged and are damaging defendants in an amount that cannot be ascertained at this time but is in excess of $75,000.00.

40. By reason of the foregoing, defendants and third-party plaintiffs are entitled to recover after trial the damages resulting from plaintiff and third-party defendant's aforesaid acts of breach of duty of good faith.

<u>Count IV</u>
(Cancellation of Trademark Registrations)

41. Defendants repeat and reallege the allegations of paragraphs 1 through 31 of the affirmative defenses and paragraphs 1 through 40 of the counterclaims and third-party claims as if fully set forth herein.

42. This is a counterclaim for cancellation of the following registrations for the term Laugh Factory in the United States Patent and Trademark Office: Registration Nos. 1,314,593 and 1,721,950.

43. Jurisdiction for this counterclaim is predicated upon 28 U.S.C. § 1338, 15 U.S.C. §

1121 and 15 U.S.C. § 1149.

44.  Plaintiff has abandoned the trademarks in the trademark registrations nos. 1,314,593 and 1,721,950 hereof, and these registrations are therefore invalid.

Count V<br/>(Fraud)

45.  Defendants repeat and reallege the allegations of paragraphs 1 through 31 of the affirmative defenses and paragraphs 1 through 44 of the counterclaims and third-party claims as if fully set forth herein.

46.  This is a counterclaim and third-party claim for fraud.

47.  In order to induce defendant Richard Basciano into the Summary Agreement, plaintiff, through its president, agent and alter ego, falsely stated and represented that Richard Basciano and his designee, the World Famous Laugh Factory of N.Y.C., LLC, could continue to use the Laugh Factory trademark for the duration of the Summary Agreement.

48.  In exchange for receiving the right to continue to use the Laugh Factory trademark, and consistent with the matters described above, Richard Basciano obligated himself within the Summary Agreement, among other things:

a.  to engage Jamie Masada as a business consultant;

b.   to compensate Jamie Masada for a two year period ending December 31, 2008, in the amount of $100,000 per year in monthly payments with all payments to be applied as a credit against the plaintiff's and Jamie Masada's $500,000 in funding to the club;

c.   to allocate profits during the consulting period with 50% of the profits to offset deferred rent that existed as of December 31, 2006 and 50% of the remaining profits to be split equally between Richard Basciano and Jamie Masada or their designees, with Jamie Masada's 25% to be applied as an additional reduction to any balance of the original funding of $500,000 to the World Famous Laugh Factory of N.Y.C., LLC remaining after payments set forth in paragraph "b." hereof; and

d.   to remit any remaining balance of original funding in the event that the building at the premises 669-677 8th Avenue (a/k/a 303 West 42nd Street and 300 West 43rd Street), New York, New York was vacated for demolition/redeveloped within the two-year commitment period.

49.   Plaintiff and Jamie Masada knew that Richard Basciano would rely on the truth of Jamie Masada's statements, and Richard Basciano entered into the Summary Agreement based on his reliance on the false statements and concealment of material facts.

50.   Jamie Masada made such false statements knowing the falsity or with such utter disregard as to the truth that knowledge may be inferred.

30

51.   Jamie Masada made such false statements with intent to mislead.

52.   Jamie Masada at all times acted with actual malice and reckless disregard.

53.   As a direct and proximate result of the fraudulent inducement of Jamie Masada, defendants have been damaged in an amount which will be proven at trial and such damages and/or a recession of the Summary Agreement.

Count VI
(Equitable Estoppel)

54.   Defendants repeat and reallege the allegations of paragraphs 1 through 31 of the affirmative defenses and paragraphs 1 through 53 of the counterclaims and third-party claims as if fully set forth herein.

55.   Plaintiff and Jamie Masada represented to defendants that if defendants executed the Summary Agreement and paid consultant fees, then defendants could continue to use the Trademark in connection with the New York World Famous Laugh Factory comedy club.

56.   Defendants relied to their detriment on representations, conduct and promises of plaintiff and Jamie Masada.

57.   Defendants' reliance on plaintiff's and Jamie Masada's representations and conduct

was reasonable, inasmuch as plaintiff received full and fair consideration for its promises.

58.   Defendants' reliance on plaintiff's and Jamie Masada's representations and conduct was also foreseeable by plaintiff and Jamie Masada inasmuch as they knew that defendants had no reason to release plaintiff and Jamie Masada from existing obligations, to pay a consulting fee, or to agree to pay unrecouped investments from the operations of the comedy club.

59.   Based on the foregoing, plaintiff and Jamie Masada are equitably estopped from terminating defendants' use of the Trademark.

<u>Count VII</u>
(Rescission)

60.   Defendants repeat and reallege the allegations of paragraphs 1 through 31 of the affirmative defenses and paragraphs 1 through 59 of the counterclaims and third-party claims as if fully set forth herein.

61.   In January and February 2007, plaintiff and Jamie Masada represented to defendants that they would provide consulting services of Jamie Masada in connection with the ongoing operation of New York World Famous Laugh Factory comedy club.

32

62. Plaintiff and Jamie Masada's representations to defendants were intended to induce defendants to pay a consulting fee and/or their original investments and release them from their contractual obligations.

63. Plaintiff and Jamie Masada's representations were knowingly false, however, and they never intended to provide consulting services.

64. In reliance on the misrepresentations of plaintiff and Masada, defendants entered into the Summary Agreement and paid fees to Jamie Masada from January 2007 through August 2007 totaling $66,664.64.

65. Based on plaintiff's and Jamie Masada's fraudulent inducement, the Summary Agreement should be rescinded and plaintiff and/or Jamie Masada should pay defendants the sum of $66,664.64, in order to restore the parties to the same position they were in prior to the Summary Agreement.

Count VIII
(Unjust Enrichment)

66. Defendants repeat and reallege the allegations of paragraphs 1 through 31 of the affirmative defenses and paragraphs 1 through 65 of the counterclaims and third-party claims as if fully set forth herein.

67. As a result of their conduct, plaintiff and Jamie Masada have been unjustly enriched

33

in the amount of $66,664.64.

68.     The circumstances are such that in equity and good conscience, plaintiff and Jamie

        Masada must pay defendants the sum of $66,664.64.

## PRAYER FOR RELIEF

**WHEREFORE**, defendants pray for relief as follows:

1.      That the complaint be dismissed with prejudice.

2.      That this Court adjudge and decree defendants' actions have not infringed any

        rights plaintiff may have in the Laugh Factory Trademark.

3.      That this Court award defendants, on defendant's counterclaims and third-party

        complaint, compensatory damages, in an amount to be determined at trial, arising

        from plaintiff and third-party defendant's acts of breach of contract and/or breach

        of duty of good faith and/or, in the alternative, for indemnification from third-party

        defendant Jamie Masada for any and all losses, including attorney's fees,

        sustained by defendants as a result of plaintiff's claims.

4.      That defendants be granted a judgment relieving defendants from obligations of

        future performance under the Summary Agreement.

5.     That plaintiff's trademark registrations nos. 1,314,593 and 1,721,950 hereof be cancelled and stricken from the Register, pursuant to 15 U.S.C. § 1119.

6.     That defendants be awarded punitive damages.

7.     That defendants recover their costs and attorneys fees in connection with this action.

8.     For such other and further relief as the court deems just and proper.

Dated: May 2, 2008

*Angelo Notaro*

Angelo Notaro (AN 1306)
John Zaccaria (JZ 3157)
Notaro & Michalos P.C.
1270 Broadway, Suite 807
New York, New York 10001
(212) 278-8600

M. David Baker (MDB 0940)
225 Broadway, Suite 2715
New York, NY 10007
(212) 962-0200

Attorneys for Defendants/Counterclaim
Plaintiffs and Third Party Plaintiffs

# EXHIBIT A

## Summary of Agreement between Basciano and Masada

❑ This document supersedes and voids all previous agreements and releases the respective parties thereunder as of the date hereof.

❑ Basciano d/b/a 303 West 42nd Street Realty Company will engage Masada as a business consultant. This will require Masada to be in the NYC office at least monthly, for approximately three days each month.

❑ The specifics of the consulting agreement are: commencement date: Jan 01 '07; Term - Two year period ending Dec 31 '08; Compensation - $ 100,000 per year (payable at the end of each month).

❑ These payments will be applied as a reduction against Masada's original funding of $ 500,000 to the WFLF of NYC, LLC.

❑ During the consulting period profits will be allocated as follows:

  1) 50% of the profits will be applied to offset deferred rent that exists as of December 31, 2006.
  2) 50% of the remaining profits will be split equally between Basciano & Masada or their designees, and Masada's 25% will be applied as an additional reduction against Masada's original funding amount of $ 500,000 to the WFLF.

❑ In the event the building is vacated for demolition/re-development within the subject two year time period Basciano will remit any remaining balance of Masada's original funding.

❑ If, at the end of the term of the consulting agreement, the building has not been vacated for demolition/re-development then Basciano has the option of extending the consulting agreement or paying Masada any remaining balance of his original $ 500,000 funding as payment in full.

| | | | |
|---|---|---|---|
| by Jamie Masada | 2/07/07 | by Richard Basciano | |
| Date | | Date | |
| Witness | 2/7/07 | Witness | 2/7/07 |
| | Date | | Date |

## INDEMNIFICATION AND RELEASE

Pursuant to Agreement dated February 7, 2007 by and between Richard Basciano and

Jamie Masada (attached hereto and made a part hereof) concerning The World Famous

Laugh Factory comedy club operating at the premises 669 – 677 8th Avenue (a/k/a 303

West 42nd Street and 300 West 43rd Street) New York, New York, the undersigned Jamie

Masada agrees to indemnify, release and hold harmless Richard Basciano, including

without limitation, any of Richard Basciano's designees, corporations, LLC's or

partnerships from any and all claims that can or may be asserted by any entity including

any individual(s), partnership(s), corporation(s), LLC (s) or any other legal person(s) or

entity(s) concerning, without limitation, the operation, occupancy, tenancy or any

interest whatsoever relating to the World Famous Laugh Factory located at the

aforementioned premises now, in the past and forever.

ATTEST: February 28, 2007

JAMIE MASADA

WITNESS: