Gregg M. Mashberg (GM 4022)
Brendan J. O'Rourke (BO 2351)
Jenifer deWolf Paine (JP 9393)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900

Attorneys for Plaintiff and Third-Party Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LAUGH FACTORY, INC., | |
| Plaintiff, | Civil Action No. 08 CV 1887 (JSR) |
| v. | |
| RICHARD BASCIANO, 303 WEST 42ND STREET REALTY COMPANY, and 303 WEST 42ND STREET LLC, | |
| Defendants, | |
| v. | |
| RICHARD BASCIANO, 303 WEST 42ND STREET REALTY COMPANY, and 303 WEST 42ND STREET LLC, | |
| Third-Party Plaintiffs, | |
| v. | |
| JAMIE MASADA, | |
| Third-Party Defendant. | |

**PLAINTIFF'S AND THIRD-PARTY DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

Plaintiff Laugh Factory, Inc. and Third-Party Defendant Jamie Masada ("Masada"), through their attorneys, hereby answer Defendants' and Third-Party Plaintiffs' Counterclaims as follows:

1. Laugh Factory, Inc. and Masada admit the allegations of Paragraph 1.

2. Laugh Factory, Inc. and Masada admit the allegations of Paragraph 2.

3. Laugh Factory, Inc. admits the allegations of Paragraph 3.

4. Masada denies the allegations of Paragraph 4, except he admits that he is a citizen of the United States and lives in California.

5. Masada denies the allegations of Paragraph 5.

6. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 6.

7. Paragraph 7 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Laugh Factory, Inc. and Masada do not contest subject matter jurisdiction.

8. Paragraph 8 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Laugh Factory, Inc. and Masada do not contest subject matter jurisdiction.

9. Paragraph 9 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Laugh Factory, Inc. and Masada do not contest personal jurisdiction.

10. Paragraph 10 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Laugh Factory, Inc. does not contest personal jurisdiction.

11. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 11.

12. Paragraph 12 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Laugh Factory, Inc. and Masada do not contest personal jurisdiction.

13. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 13.

14. Laugh Factory, Inc. and Masada repeat and reallege their answers to Paragraphs 1 through 13 in response to the allegations of Paragraph 14 of the Counterclaims.

15. Paragraph 15 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

16. Paragraph 16 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Laugh Factory, Inc. and Masada do not contest subject matter jurisdiction.

17. Laugh Factory, Inc. admits the allegations of Paragraph 17.

18. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 18.

19. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 19.

20. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 20, and specifically deny that Third-Party Plaintiffs are entitled to any remedy.

21. Laugh Factory, Inc. and Masada repeat and reallege their answers to Paragraphs 1 through 20 in response to the allegations of Paragraph 21 of the Counterclaims.

22. Paragraph 22 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

23. Masada denies the allegations of Paragraph 23.

24. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 24.

25. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 25 and respectfully refer the Court to the document dated February 28, 2007 for a full and accurate

statement of its contents. Laugh Factory, Inc. and Masada deny that this document constitutes an agreement.

26. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 26.

27. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 27.

28. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 28.

29. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 29.

30. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 30, and affirmatively state that Laugh Factory, Inc. and Masada had been in contact with one or more third parties prior to September 2007 regarding the establishment of a comedy club in New York City.

31. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 31.

32. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 32.

33. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 33.

34. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 34.

35. Laugh Factory, Inc. and Masada repeat and reallege their answers to Paragraphs 1 through 34 in response to the allegations of Paragraph 35 of the Counterclaims.

36. Paragraph 36 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

37. Paragraph 37 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

38. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 38.

39. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 39.

40. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 40.

41. Laugh Factory, Inc. and Masada repeat and reallege their answers to Paragraphs 1 through 34 in response to the allegations of Paragraph 35 of the Counterclaims.

42. Paragraph 42 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

43. Paragraph 43 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

44. Laugh Factory, Inc. denies the allegations of Paragraph 44.

45. Laugh Factory, Inc. and Masada repeat and reallege their answers to Paragraphs 1 through 44 in response to the allegations of Paragraph 45 of the Counterclaims.

46. Paragraph 46 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

47. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 47.

48. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 48.

49. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 49.

50. Masada denies the allegations of Paragraph 50.

51. Masada denies the allegations of Paragraph 51.

52. Masada denies the allegations of Paragraph 52.

53. Masada denies the allegations of Paragraph 53.

54. Laugh Factory, Inc. and Masada repeat and reallege their answers to Paragraphs 1 through 53 in response to the allegations of Paragraph 54 of the Counterclaims.

55. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 55.

56. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 56.

57. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 57.

58. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 58.

59. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 59.

60. Laugh Factory, Inc. and Masada repeat and reallege their answers to Paragraphs 1 through 59 in response to the allegations of Paragraph 60 of the Counterclaims.

61. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 61.

62. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 62.

63. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 63.

64. Masada denies the allegations of Paragraph 64.

65. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 65.

66. Laugh Factory, Inc. and Masada repeat and reallege their answers to Paragraphs 1 through 65 in response to the allegations of Paragraph 66 of the Counterclaims.

67. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 67.

68. Laugh Factory, Inc. and Masada deny the allegations of Paragraph 68.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Third-Party Plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Third-Party Plaintiffs' claims are barred in whole or in part by reason of their bad faith and unclean hands.

### Third Affirmative Defense

Any damages sustained by Third-Party Plaintiffs are offset by damages sustained by Laugh Factory, Inc. and Masada as a result of Third-Party Plaintiffs' wrongful acts as described in the Amended Complaint.

### Fourth Affirmative Defense

The February 7, 2007 and February 28, 2007 documents relied upon by Third-Party Plaintiffs are void for lack of consideration.

### Fifth Affirmative Defense

Masada was coerced into signing the February 7, 2007 and February 28, 2007 documents relied upon by Third-Party Plaintiffs and thus those documents are null, void and unenforceable.

### Sixth Affirmative Defense

The February 7, 2007 document relied upon by Third-Party Plaintiffs imposes obligations on Masada that violate the prohibition against involuntary servitude, and therefore is null, void and unenforceable.

### Seventh Affirmative Defense

Defendants are estopped from asserting the existence of any prior agreements between the parties with respect to the use of the LAUGH FACTORY Mark and Logo in connection with the February 7, 2007 document.

### Eighth Affirmative Defense

Defendants claims are barred, in whole or in part, by virtue of estoppel and waiver.

### Ninth Affirmative Defense

The February 7, 2007 and February 28, 2007 documents relied upon by Third-Party Plaintiffs are void for unconscionability.

### Tenth Affirmative Defense

By virtue of their cessation of use of the LAUGH FACTORY Mark and Logo in connection with the Times Square Club, Defendants are estopped from asserting that Laugh

Factory, Inc. does not have rights in the LAUGH FACTORY Mark and Logo and have waived any claim that Laugh Factory, Inc. does not have rights in the LAUGH FACTORY Mark and Logo.

### Eleventh Affirmative Defense

Defendants' counterclaim for Equitable Estoppel is moot to the extent that Defendants have discontinued their use of the LAUGH FACTORY Mark and Logo.

### Twelfth Affirmative Defense

Any claim that Masada orally agreed to permit Defendants to use the LAUGH FACTORY Mark and Logo for the duration of the term set forth in the February 7, 2007 document is invalid because such an agreement violates the statute of frauds.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Third-Party Defendant respectfully request that the Court enter judgment as follows:

A. That Third-Party Plaintiffs' Counterclaims be dismissed in their entirety;

B. That Plaintiff and Third-Party Defendant be awarded their reasonable costs and fees in this case;

D. That Plaintiff and Third-Party Defendant be awarded the relief requested in the Complaint, as amended; and

C. For such other relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendants demand a jury trial on all issues triable to a jury.

Dated: May 22, 2008

PROSKAUER ROSE LLP

By: _____
Gregg M. Mashberg (GM 4022)
Brendan J. O'Rourke (BO 2351)
Jenifer deWolf Paine (JP 9393)
1585 Broadway
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900

Attorneys for Plaintiff and Third-Party Defendant