Gregg M. Mashberg (GM 4022)
Brendan J. O'Rourke (BO 2351)
Jenifer deWolf Paine (JP 9393)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900

Attorneys for Plaintiff and Third-Party Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAUGH FACTORY, INC.,
LAUGH FACTORY TIMES SQUARE, INC., and
JAMIE MASADA

           Plaintiff,

v.

RICHARD BASCIANO,
303 WEST 42ND STREET REALTY COMPANY, and
303 WEST 42ND STREET LLC,
TIMES SQUARE ARTS CENTER, LLC,
300 WEST 43RD STREET REALTY, INC.,

           Defendants,

---

RICHARD BASCIANO,
303 WEST 42ND STREET REALTY COMPANY, and
303 WEST 42ND STREET LLC,

           Third-Party Plaintiffs,

v.

JAMIE MASADA,

           Third-Party Defendant.

Civil Action No. 08 CV 1887 (JSR)

## PLAINTIFFS' AND THIRD-PARTY DEFENDANTS' ANSWER
## AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiff Laugh Factory, Inc. and Third-Party Defendants Jamie Masada and Laugh Factory Times Square, Inc. (collectively, "Plaintiffs"), through their attorneys, hereby answer Defendants' and Third-Party Plaintiffs' Counterclaims as follows:

220. Plaintiffs admit the allegations of Paragraph 220.

221. Plaintiffs admit the allegations of Paragraph 221.

222. Plaintiffs admit the allegations of Paragraphs 222.

223. Plaintiffs admit the allegations of Paragraphs 223.

224. Plaintiffs admit the allegations of Paragraphs 224.

225. Plaintiffs admit the allegations of Paragraph 225.

226. Plaintiffs admit the allegations of Paragraph 226.

227. Masada denies the allegations of Paragraph 227, except he admits that he is a citizen of the United States and lives in California.

228. Plaintiffs deny the allegations of Paragraph 228.

229. Plaintiffs deny the allegations of Paragraph 229.

230. Paragraph 230 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Plaintiffs do not contest subject matter jurisdiction.

231. Paragraph 231 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Plaintiffs do not contest subject matter jurisdiction.

232. Paragraph 232 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Plaintiffs do not contest personal jurisdiction.

233. Paragraph 233 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Plaintiffs do not contest personal jurisdiction.

234. Plaintiffs deny the allegations of Paragraph 234.

235. Paragraph 235 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Plaintiffs do not contest personal jurisdiction.

236. Plaintiffs deny the allegations of Paragraph 236.

237. Plaintiffs repeat and reallege their answers to Paragraphs 1 through 237 in response to the allegations of Paragraph 237 of the Counterclaims.

238. Paragraph 238 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

239. Paragraph 239 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Plaintiffs do not contest subject matter jurisdiction.

240. Plaintiffs admit the allegations of Paragraph 240.

241. Plaintiffs deny the allegations of Paragraph 241.

242. Plaintiffs deny the allegations of Paragraph 242.

243. Plaintiffs deny the allegations of Paragraph 20, and specifically deny that Defendants are entitled to any remedy.

244. Plaintiffs repeat and reallege their answers to Paragraphs 1 through 243 in response to the allegations of Paragraph 244 of the Counterclaims.

245. Paragraph 245 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

246. Plaintiffs deny the allegations of Paragraph 246.

247. Plaintiffs deny the allegations of Paragraph 247.

248. Plaintiffs deny the allegations of Paragraph 248 and respectfully refer the Court to the document dated February 28, 2007 for a full and accurate statement of its contents. Laugh Factory, Inc. and Masada deny that this document constitutes an agreement.

249. Plaintiffs deny the allegations of Paragraph 249.

250. Plaintiffs deny the allegations of Paragraph 250.

251. Plaintiffs deny the allegations of Paragraph 251.

252. Plaintiffs deny the allegations of Paragraph 252.

253. Plaintiffs deny the allegations of Paragraph 253 and affirmatively state that Laugh Factory, Inc. and Masada had been in contact with one or more third parties prior to September 2007 regarding the establishment of a comedy club in New York City.

254. Plaintiffs deny the allegations of Paragraph 254.

255. Plaintiffs deny the allegations of Paragraph 255.

256. Plaintiffs deny the allegations of Paragraph 256.

257. Plaintiffs deny the allegations of Paragraph 257.

258. Plaintiffs repeat and reallege their answers to Paragraphs 1 through 257 in response to the allegations of Paragraph 258 of the Counterclaims.

259. Paragraph 259 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

260. Paragraph 260 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

261. Plaintiffs deny the allegations of Paragraph 261.

262. Plaintiffs deny the allegations of Paragraph 262.

263. Plaintiffs deny the allegations of Paragraph 263.

264. Plaintiffs repeat and reallege their answers to Paragraphs 1 through 263 in response to the allegations of Paragraph 264 of the Counterclaims.

265. Paragraph 265 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

266.     Paragraph 266 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

267.     Plaintiffs deny the allegations of Paragraph 267.

268.     Plaintiffs repeat and reallege their answers to Paragraphs 1 through 267 in response to the allegations of Paragraph 268 of the Counterclaims.

269.     Paragraph 269 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

270.     Plaintiffs deny the allegations of Paragraph 270.

271.     Plaintiffs deny the allegations of Paragraph 271.

272.     Plaintiffs deny the allegations of Paragraph 272.

273.     Plaintiffs deny the allegations of Paragraph 273.

274.     Plaintiffs deny the allegations of Paragraph 274.

275.     Plaintiffs deny the allegations of Paragraph 275.

276.     Plaintiffs deny the allegations of Paragraph 276.

277.     Plaintiffs repeat and reallege their answers to Paragraphs 1 through 276 in response to the allegations of Paragraph 277 of the Counterclaims.

278.     Plaintiffs deny the allegations of Paragraph 278.

279.     Plaintiffs deny the allegations of Paragraph 279.

280.     Plaintiffs deny the allegations of Paragraph 280.

281.     Plaintiffs deny the allegations of Paragraph 281.

282.     Plaintiffs deny the allegations of Paragraph 282.

283.     Plaintiffs repeat and reallege their answers to Paragraphs 1 through 282 in response to the allegations of Paragraph 283 of the Counterclaims.

284.     Plaintiffs deny the allegations of Paragraph 284.

285.    Plaintiffs deny the allegations of Paragraph 285.

286.    Plaintiffs deny the allegations of Paragraph 286.

287.    Plaintiffs deny the allegations of Paragraph 287.

288.    Plaintiffs deny the allegations of Paragraph 288.

289.    Plaintiffs repeat and reallege their answers to Paragraphs 1 through 288 in response to the allegations of Paragraph 289 of the Counterclaims.

290.    Plaintiffs deny the allegations of Paragraph 290.

291.    Plaintiffs deny the allegations of Paragraph 291.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Third-Party Plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Third-Party Plaintiffs' claims are barred in whole or in part by reason of their bad faith and unclean hands.

### Third Affirmative Defense

Any damages sustained by Third-Party Plaintiffs are offset by damages sustained by Laugh Factory, Inc. and Masada as a result of Third-Party Plaintiffs' wrongful acts as described in the Amended Complaint.

### Fourth Affirmative Defense

The February 7, 2007 and February 28, 2007 documents relied upon by Third-Party Plaintiffs are void for lack of consideration.

### Fifth Affirmative Defense

Masada was coerced into signing the February 7, 2007 and February 28, 2007 documents relied upon by Third-Party Plaintiffs and thus those documents are null, void and unenforceable.

### Sixth Affirmative Defense

The February 7, 2007 document relied upon by Third-Party Plaintiffs imposes obligations on Masada that violate the prohibition against involuntary servitude, and therefore is null, void and unenforceable.

### Seventh Affirmative Defense

Defendants are estopped from asserting the existence of any prior agreements between the parties with respect to the use of the LAUGH FACTORY Mark and Logo in connection with the February 7, 2007 document.

### Eighth Affirmative Defense

Defendants' claims are barred, in whole or in part, by virtue of estoppel and waiver.

### Ninth Affirmative Defense

The February 7, 2007 and February 28, 2007 documents relied upon by Third-Party Plaintiffs are void for unconscionability.

### Tenth Affirmative Defense

By virtue of their cessation of use of the LAUGH FACTORY Mark and Logo in connection with the Times Square Club, Defendants are estopped from asserting that Laugh

7

Factory, Inc. does not have rights in the LAUGH FACTORY Mark and Logo and have waived any claim that Laugh Factory, Inc. does not have rights in the LAUGH FACTORY Mark and Logo.

### Eleventh Affirmative Defense

Defendants' counterclaim for Equitable Estoppel is moot to the extent that Defendants have discontinued their use of the LAUGH FACTORY Mark and Logo.

### Twelfth Affirmative Defense

Any claim that Masada orally agreed to permit Defendants to use the LAUGH FACTORY Mark and Logo for the duration of the term set forth in the February 7, 2007 document is invalid because such an agreement violates the statute of frauds.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Third-Party Defendant respectfully request that the Court enter judgment as follows:

A. That Third-Party Plaintiffs' Counterclaims be dismissed in their entirety;

B. That Plaintiff and Third-Party Defendant be awarded their reasonable costs and fees in this case;

D. That Plaintiff and Third-Party Defendant be awarded the relief requested in the Complaint, as amended; and

C. For such other relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendants demand a jury trial on all issues triable to a jury.

Dated: July 18, 2008

                                                PROSKAUER ROSE LLP

                                                By: _____
                                                       Gregg M. Mashberg (GM 4022)
                                                       Brendan J. O'Rourke (BO 2351)
                                                       Jenifer deWolf Paine (JP 9393)
                                                       1585 Broadway
                                                       New York, NY  10036
                                                       Tel: 212.969.3000
                                                       Fax: 212.969.2900

                                                Attorneys for Plaintiff and Third-Party Defendant

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Answer to Counterclaims has been forwarded by fax and first-class mail in accordance with the Federal Rules of Civil Procedure to the following counsel of record on this 18th day of July, 2008:

Angelo Notaro, Esq.
Notaro & Michalos PC
1270 Broadway, Suite 807
New York, NY 10001
Tel.: 212.278.8600
Fax: 212.278.8687

M. David Baker, Esq.
Attorney At Law
225 Broadway, Suite 2715
New York, NY 10007
Tel.: 212.962.0200
Fax: 212.233.3859

_____
Jenifer deWolf Paine