**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | | |
|---|---|---|
| **LAUGH FACTORY, INC.,** | : | |
| **LAUGH FACTORY TIMES SQUARE,** | : | |
| **INC., and JAMIE MASADA,** | : | |
| | : | |
| **Plaintiffs,** | : | Civil Action No. 08 CV 1887 (JSR) |
| | : | |
| **v.** | : | **DEFENDANTS' STATEMENT OF** |
| | : | **MATERIAL FACTS AS TO** |
| | : | **WHICH THERE IS NO GENUINE** |
| **RICHARD BASCIANO,** | : | **ISSUE TO BE TRIED** |
| **303 WEST 42ND STREET REALTY** | : | **(LOCAL RULE 56.1)** |
| **COMPANY, and 303 WEST 42ND STREET** | : | |
| **LLC, TIMES SQUARE ARTS CENTER,** | : | |
| **LLC, and 300 WEST 43RD STREET** | : | |
| **REALTY, INC.,** | : | |
| | : | |
| **Defendants.** | : | |

_____ :

| | |
|---|---|
| **RICHARD BASCIANO,** | : |
| **303 WEST 42ND STREET REALTY** | : |
| **COMPANY, and 303 WEST 42ND STREET** | : |
| **LLC, TIMES SQUARE ARTS CENTER,** | : |
| **LLC, and 300 WEST 43RD STREET** | : |
| **REALTY, INC.,** | : |
| | : |
| **Counterclaim Plaintiffs,** | : |
| | : |
| **v.** | : |
| | : |
| **LAUGH FACTORY, INC.,** | : |
| **LAUGH FACTORY TIMES SQUARE,** | : |
| **INC., and JAMIE MASADA,** | : |
| | : |
| **Counterclaim Defendants.** | : |

_____

Defendants, Richard Basciano, 303 West 42nd Street Realty Company, 303 West 42nd Street

LLC, Times Square Arts Center, LLC and 300 West 43rd Street Realty, Inc. state that there is no

genuine dispute as to the following facts:

1.      Plaintiff Jamie Masada ("Masada") is a resident of the state of California and is the principal of Plaintiff Laugh Factory, Inc. (Am. Compl. ¶ 7, Answer ¶ 7.)

2.      Defendant Richard Basciano ("Basciano") is an individual who does business under the registered assumed name 303 West 42nd Street Realty Company (the "Realty Company"). (Declaration of Richard Basciano ["Basciano Dec."], ¶ 1.)

3.      Basciano, d/b/a the Realty Company, holds master leases and, in turn, leases various commercial and residential spaces in two attached buildings (the "Two Buildings") in Times Square, New York City. (Basciano Dec. ¶ 2.)

4.      On or about November 13, 2003, Basciano's lawyer, M. David Baker, formed an entity called The World Famous Laugh Factory of N.Y.C., LLC, (the "WFLF LLC"), a New York limited liability company, as the entity to operate the New York Laugh Factory comedy club.  (Am. Compl. ¶ 37; Answer ¶ 37.)

5.      On February 20, 2008, the WFLF LLC was renamed "Times Square Arts Center, LLC" and is a named defendant in this action.  (Am. Compl. ¶ 107; Answer ¶ 107.)

6.      Defendant, 303 West 42nd Street, LLC, a Delaware limited liability company, owns one of the Two Buildings, a 12-story building at 303 West 42nd Street in New York City, which includes part of the premises used for the New York Laugh Factory comedy club.  (303 West 42nd Street LLC Dec. ¶1.)(Basciano Dec. ¶ 3.)

7.      The members of  303 West 42nd Street, LLC are Basciano's children and a family trust. (Basciano Dec. ¶ 4.)

8.      None of the members of the Defendant 303 West 42nd Street LLC  have been participants in any way in the acts alleged in the Amended Complaint. (303 West 42nd Street LLC Dec. ¶ 2.)

9.     Defendant 303 West 42nd Street, LLC is not and never has been a party to any contract or agreement with any of the Plaintiffs. (303 West 42nd Street LLC Dec. ¶ 3.)

10.    Defendant 303 West 42nd Street, LLC did not participate in the operation or management of the New York Laugh Factory comedy club. (303 West 42nd Street LLC Dec. ¶ 4.)

11.    Defendant 303 West 42nd Street, LLC received no funds from the WFLF LLC. (303 West 42nd Street LLC Dec. ¶ 5.)

12.    Defendant 303 West 42nd Street, LLC has never used the trademark "LAUGH FACTORY," the "LAUGH FACTORY" logo or the so-called "triple arch mark." (303 West 42nd Street LLC Dec. ¶ 6.)

13.    A limited liability company operating agreement for the WFLF LLC was negotiated but never executed. (Basciano Dec. ¶ 5.)

14.    Basciano is the sole shareholder of a New York corporation, defendant 300 West 43rd Street Realty, Inc. ("300 Realty Inc.") (Basciano Dec. ¶ 6.)

15.    The various drafts of the operating agreement identified the members as the 300 Realty Inc. and Laugh Factory Times Square, Inc. ("LFTS"). (Basciano Dec. ¶ 7.)

16.    LFTS is a New York corporation formed by Masada. (Basciano Dec., ¶ 8.)

17.    It was contemplated that Basciano and Masada would each receive 1% interest in each of the others' aforementioned corporation.  (Basciano Dec., ¶ 9.)

18.    Basciano and Masada also negotiated a lease for the premises in which the New York Laugh Factory comedy club would be located, i.e., the Two Buildings, and a trademark license agreement under which the Laugh Factory, Inc., would license the use of the Laugh Factory name and logo. (Basciano Dec., ¶10.)

19.     Through their respective counsel, the parties negotiated and exchanged a series of drafts of the operating agreement, the lease and the trademark licenses in 2004 and 2005 through August 2005. (Basciano Dec., ¶11.)

20.     Masada was represented by three different law firms during this period.  (Basciano Dec., ¶ 12.)

21.     Although the parties had not executed an operating agreement, lease and trademark license agreement, or any other agreement, during the period from November 2003 to August 2004, payments totaling $1,000,000 were made to the WFLF LLC.  (Basciano Dec., ¶ 13.)

22.     From November 2003 to March 23, 2004, 303 West 43rd St. Realty Inc. ("303 Realty Inc.") and Masada each paid $300,000 to WFLF LLC. (Basciano Dec., ¶ 14; Stroll Dep. pp. 40-43[1])

23.     From April 1, 2004 to August 19, 2004, Richard Basciano, d/b/a the Realty Company and Masada each paid $200,000 to the WFLF LLC. (Basciano Dec., ¶ 15; Stroll Dep. pp 40-43, 73.)

24.     The payments were shown on the books of the WFLF LLC, tax returns and in drafts of the operating agreement representing capital contributions of $300,000 each and loans of $200,000 each. (Basciano Dec., ¶ 16; Stroll Dep. pp. 21-23, 40-42, 64-70.)

25.     Although the payments from Masada were made by personal checks, they were placed on the books of the LFTS corporation as made on behalf of that company. (Stroll Dep. pp 11, 21-23, 40-43, 48-50.)

26.     From late 2003 through March of 2004, extensive renovations were made to the premises for

---

[1] The accompanying Declaration of John Zaccaria attaches excerpts from the depositions of Jamie Masada, Arnold I. Burns, Steven Stroll (Masada's accountant), defendants' deposition exhibits ("Defs. Dep. Ex.") and Responses to Defendants' Requests for Admissions ("Plts. Admission No.")

the New York Laugh Factory comedy club, staff was hired by the WFLF LLC and other necessary steps were taken to open and operate the club, without any agreement being signed by any of the plaintiffs or defendants. (Basciano Dec. ¶ 17.)

27.      The capital contributions ($600,000) were expended in connection with the renovations of the club premises. (Basciano Dec., ¶ 18.)

28.      The New York Laugh Factory comedy club was opened on March 27, 2004. (Basciano Dec. ¶ 19.)

29.      The New York Laugh Factory comedy club is a multilevel complex on 42nd Street and 8th Avenue that features a main showroom (over 300 seats) for headline talent, four smaller rooms for various specialty shows and a VIP room. (Basciano Dec., ¶ 20.)

30.      In addition, there is a two room office, liquor storage room, computer room for the club's MICROS point of sale system and prep room/kitchen (in basement).  (Basciano Dec.,¶¶ 20-21.)

31.      In or about August 2005, the parties discontinued use of their attorneys. (Basciano Dec., ¶ 22.)

32.      On August 24, 2005, they signed a documented entitled "Rider to Lease and Operating Agreement" ("Rider"), which was prepared by a non-lawyer employee of the Realty Company. (Basciano Dec. ¶ 23.)

33.      The Rider referred in parts to the lease and operating agreement, which had not been signed at the time the Rider was executed. (Basciano Dec. ¶ 24.)

34.      A true and accurate copy of the Rider is attached to Basciano's Declaration as Exhibit A. (Basciano Dec. ¶ 25, Ex. A.)

35.      Rent was deferred and not paid from April 2004 until March 2006 and, in addition, part of the rent and rent increases were abated (Basciano Dec. ¶¶ 26, 28.)

36.     In accordance with the Rider, after the food operation at the New York Laugh Factory comedy club commenced, the Realty Company began to charge rent to the WFLF LLC and the loan funds were thereby depleted. (Basciano Dec. ¶ 27.)

37.     Rent on a part of the New York Laugh Factory comedy club premises, the so-called Pantheon theaters, added to the total space of the club after the club began to operate, was abated until some time after the food operation commenced. (Basciano Dec. ¶ 28.)

38.     Up to and until February of 2007, the New York Laugh Factory comedy club was not profitable. (Basciano Dec. ¶ 29.)

39.     As of December 31, 2006, $863,625.00 was owed to Basciano, d/b/a the Realty Company, for deferred rent. (Basciano Dec. ¶ 30.)

40.     In February of 2007, the parties agreed to mutually release all existing claims as of December 31, 2006 -including the substantial rents due and owing to Basciano, d/b/a Realty Company. (Basciano Dec. ¶ 31.)

41.     In exchange, Masada agreed to allow the use of the Laugh Factory trademark and logo and it was agreed that Masada would be paid consulting fees on a monthly basis, totaling $100,000 per year, for an initial period of two years. (Basciano Dec. ¶ 32.)

42.     This agreement was memorialized in two documents.   (Basciano Dec. ¶ 33.)

43.     True and correct copies of the documents are attached to Basciano's Declaration as Exhibits B and C.   (Basciano Dec. ¶ 34, Exs. B and C.)

44.     After signing the February 7 and February 28 Documents, Masada continued to participate in the operation of the New York Laugh Factory comedy club. (Basciano Dec. ¶ 35.)

45.     In addition, Masada accepted eight monthly payments of $8,333.33, totaling $66,664.64, paid

to Masada by 303 Realty Inc. in accordance with the February 7 Document.  (Basciano Dec. ¶ 36; Plts. Admission Nos. 48-50, 52; Masada Dep. pp. 290-294.)

46.     From January 2007 through September 2007, the WFLF LLC continue to operate the New York Laugh Factory comedy club under the Laugh Factory name and the Laugh Factory logo. (Basciano Dec. ¶ 37.)

47.     Masada continued to participate in the operation of the New York Laugh Factory comedy club visiting the club from to time and was apprised of various details pertaining to the operation and management of the club and the promotion of the club, including advertising on the website of the plaintiff Laugh Factory, Inc., under the Laugh Factory name and logo. (Basciano Dec. ¶ 38 Plts. Admission Nos. 53-57.)

48.     No mention of any coercion was made in Masada's letter of September 14th purporting to terminate Defendants' right to use the Laugh Factory name and logo, nor was any such mention made in Plaintiffs' original Complaint. (Basciano Dec. ¶ 40.)

49.     The September 14, 2007 letter from Masada to Basciano states that "Mr. Arnold Burns..., hopefully, will assist me in finding a location to the mission of the Laugh Factory." (Basciano Dec. ¶ 39, Basciano Ex. D; Masada Dep. pp. 321-322, 373-374; Defs. Dep. Ex.8.)

50.     REDACTED - CONFIDENTIAL FILED UNDER SEAL


51.     REDACTED - CONFIDENTIAL FILED UNDER SEAL


52.     Arnold Burns, a New York attorney for over 45 years and close friend of Masada, advised

7

Masada that the February 7, 2007 document "was a very significant document" (Burns Dep. pp. 87-91, 170.)

53.

REDACTED – CONFIDENTIAL FILED UNDER SEAL

54.    Burns ratifies Masada's reliance on the February 7, 2007 document in letters to Basciano dated October 2, 2007 and November 16, 2007 stating "as far as use of 'Laugh Factory' by you is concerned, the slate was wiped clean [by the February 7, 2007] agreement." (Burns Dep. pp. 92-94, 98-104; Defs. Dep. Exs. 12, 55.)

55.    REDACTED – CONFIDENTIAL FILED UNDER SEAL

REDACTED – CONFIDENTIAL FILED UNDER SEAL

Dated: September 29, 2008                    By:_____

                                                  Angelo Notaro (AN 1306)
                                                  John Zaccaria (JZ 3157)
                                                  Notaro & Michalos P.C.
                                                  1270 Broadway, Suite 807
                                                  New York, New York 10001
                                                  (212) 278-8600

8

M. David Baker (MDB 0940)
225 Broadway, Suite 2715
New York, NY 10007
(212) 962-0200

Attorneys for Defendants/
Counterclaim Plaintiffs